E-filed 10/26/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LILLIYA WILLIS,<br><br>   Plaintiff,<br><br> v.<br><br>ANDRE WILLIS,<br><br>   Defendant. | Case No.  16-cv-05957-HRL<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

  Pro se plaintiff Lilliya Willis ("Plaintiff") sues defendant Andre Willis, aka Andrei Poskatcheev ("Defendant"), for trespass, extortion, fraud, and breach of contract. Dkt. No. 1. She alleges that a state court action brought against her by Defendant is "false" and "void," Dkt. No. 1, Ex. A, and attaches a copy of a state court order granting Defendant's request to expunge a lis pendens and abstract of judgment recorded by the Plaintiff, Dkt. No. 1, Ex. B. The plaintiff's complaint does not reference any federal or state law or any constitutional provision, and it does not include a description of the parties' state citizenship or an amount in controversy.

  Federal courts have limited jurisdiction and are only empowered to hear cases when permitted by the Constitution or Congress. Furthermore, the court has a duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be dismissed if it appears at any time before the final judgment that the court lacks subject matter jurisdiction. *Id.*

  The two main sources of federal jurisdiction are federal question jurisdiction (also known

1  as "arising under" jurisdiction) and diversity jurisdiction.

2      Federal courts have original jurisdiction over civil actions "arising under the Constitution,

3  laws, or treaties of the United States." 28 U.S.C. § 1331.  A claim "arises under" federal law if,

4  based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief.  Vaden

5  v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009).  Here, it is not clear from the plaintiff's

6  complaint whether she meets this standard.

7      Federal district courts also have jurisdiction over civil actions between citizens of different

8  states in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of

9  interest and costs).  28 U.S.C. § 1332.  Here, Plaintiff does not identify the citizenship of each

10 party and does not allege an amount in controversy exceeding $75,000.

11     As a result of these deficiencies, the court hereby orders Plaintiff to show cause why her

12 case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff shall appear in

13 Courtroom 2, Fifth Floor of the United States District Court, 280 South First Street, San Jose,

14 California, on November 22, 2016, at 10:00 AM, and show cause, if any, why the case should not

15 be dismissed.  Additionally, Plaintiff shall file a statement in response to this order to show cause

16 no later than November 15, 2016, advising the court as to the source of its subject matter

17 jurisdiction over this action (if any).

18     Plaintiff is advised that assistance for pro se litigants may be available from the federal pro

19 se program, which can be reached at 408-297-1480.  The Court encourages Plaintiff to contact this

20 program to determine what assistance may be available.

21 **IT IS SO ORDERED.**

22 Dated: 10/24/2016

Howard R. Lloyd
United States Magistrate Judge