E-filed 11/23/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIYA WILLIS,<br><br>                    Plaintiff,<br><br>             v.<br><br>ANDRE WILLIS,<br><br>                    Defendant. | Case No.16-cv-05957-HRL<br><br>**ORDER REASSIGNING CASE TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE: DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 4 |

Pro se plaintiff Lilliya Willis ("Willis") filed her complaint in this action on October 14, 2016. Dkt. No. 1. The complaint alleges claims for trespass, breach of contract, fraud, and extortion, and accuses the defendant of bringing a "false court case" against Willis. *Id.*

On October 26, 2016, the court issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 4. The order described the deficiencies of Willis's complaint—namely, that it did not demonstrate any basis for federal subject matter jurisdiction, including federal question or diversity. *Id.* In particular, the order noted that the complaint did not reference any federal law or constitutional provision, and it did not include a description of the parties' state citizenship or an amount in controversy. The order also set a deadline for a response and a hearing date of November 22, 2016, and it suggested that Willis consult with the court's pro se program. *Id.*

In response to the order to show cause, Willis sent the court a letter, which was received on November 7, 2016. Dkt. No. 5. The letter did not state (or attempt to state) any valid basis for federal subject matter jurisdiction. *Id.* Willis then failed to appear at the show cause hearing on November 22.

1  The court has a duty to determine whether it has subject matter jurisdiction. Fed. R. Civ.
2  P. 12(h). A case must be dismissed if it appears at any time before the final judgment that the
3  court lacks subject matter jurisdiction. *Id.*

4  The two main sources of subject matter jurisdiction are federal question jurisdiction (also
5  known as "arising under" jurisdiction) and diversity jurisdiction. Federal courts have original
6  jurisdiction over civil claims "arising under the Constitution, laws, or treaties of the United
7  States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded
8  complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S.
9  Ct. 1262, 1272 (2009). Federal district courts also have jurisdiction over civil actions between
10 citizens of different states in which the matter in controversy exceeds the sum or value of $75,000
11 (exclusive of interest and costs). 28 U.S.C. § 1332.

12 Because the parties have yet to consent to the undersigned's jurisdiction, the court
13 ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further
14 RECOMMENDS that the newly assigned judge dismiss this action without prejudice, as Willis
15 has failed to demonstrate any basis for federal subject matter jurisdiction. Any party may serve
16 and file objections to this Report and Recommendation within fourteen days after being served.
17 Fed. R. Civ. P. 72.

18 **IT IS SO ORDERED.**

19 Dated: 11/23/2016

HOWARD R. LLOYD
United States Magistrate Judge

2