UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LILLIYA WILLIS,

    Plaintiff,

v.

ANDRE WILLIS,

    Defendant.

Case No. 16-cv-05957-BLF

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DISMISSING THE CASE WITHOUT PREJUDICE**

[Re: ECF 7]

On October 14, 2016, Plaintiff Lilliya Willis, proceeding pro se, filed the above-titled action alleging four causes of action against Defendant Andre Willis: trespass, breach of contract, fraud, and extortion. Compl., ECF 1. Now before the Court is Magistrate Judge Lloyd's Report and Recommendation ("R&R") that the case be dismissed for lack of subject matter jurisdiction. On December 12, 2016, Willis timely filed an objection to Judge Lloyd's R&R. *See generally* Objection, ECF 10. The Court has reviewed and thoroughly considered Judge Lloyd's R&R and the arguments in Willis's objection, and finds the R&R correct, well reasoned, and thorough. Accordingly, and for the reasons discussed below the Court adopts Judge Lloyd's R&R and DISMISSES the action without prejudice.

In her objection, Willis makes several unavailing arguments. First, she contends that she is "not a Plaintiff and [ ] did not file[ ] an administrative court complaint." ECF 10. Second, Willis states that she is "not bounded to administrative court rules." *Id.* Neither of these arguments has merit. She also objects to this case having been assigned to a judge in the San Jose division of this district. *Id.* However, although a case may be initiated in San Francisco, it may properly be assigned to San Jose based on venue. The assignment of the instant case to San Jose was proper because the action appears to relate to property located in Santa Clara County. *See* Ex. B to Compl., ECF 1.

Finally, Willis asks the Court to seal the suit and not alter it until it "gets before [a] jury."

*Id.* However, as Judge Lloyd explained, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citation omitted). "'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect [can] be corrected by amendment.'" *Id.* (citing *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

To invoke diversity jurisdiction in an action involving U.S. citizens, the complaint must allege that the matter in controversy is between citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. §1332(a)(1). The complaint contains no facts suggesting that there is diversity jurisdiction in this case. In fact, the underlying issue appears to be related to property located in Santa Clara County, and as such, it appears that both parties are domiciled in California. *See* Ex. B to Compl. Moreover, this case does not involve a federal question—claims for trespass, breach of contract, fraud, and extortion are all resolved under state law. Willis does not contest any of this in her objection. Because the defect cannot be corrected by amendment, the above-titled action is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: December 13, 2016

_____
BETH LABSON FREEMAN
United States District Judge

2