UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LILLIYA WILLIS,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDRE WILLIS,<br><br>        Defendant. | Case No. 16-cv-05957-BLF<br><br>**ORDER REGARDING PLAINTIFF'S NOTICE TO THE COURT**<br><br>[Re: ECF 12] |

On January 30, 2017, Plaintiff Lilliya Willis, proceeding pro se, filed a "notice to the court," in which Willis states, "The order for i a woman, signed by [Judge] Beth Labson Freeman on the date of December 13, 2016 required explanation." Notice, ECF 12. The Court construes Willis' Notice as a motion to alter or amend judgment under Rule 59(e). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A motion "under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (internal quotation and citation omitted). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009) (quoting *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000)).

The Court previously adopted Judge Lloyd's report and recommendation and dismissed the case for lack of subject matter jurisdiction. In her Notice, Willis' articulates the following basis for amending this Court's judgment:

> My common law case is only for trial by jury and can not be dismissed by any member of legal society; only men, women of my peer have the capacity and power to rule my case. . . . My case is my property; my case is to be remained sealed, not opened, not to be examined, not to be given legal society opinion by any employee of the public court house which has duties and obligations to the public; i am public and i have rights. The wrong was/is done to me and i have rights to bring the matter to the open court of record, trial by jury under common law rules which is established and protected for me by the seventh amendment and that is the most superior law of this land.

Notice 1. Willis does not explain how these assertions satisfy the prerequisites under Rule 59(e). Moreover, other than the Seventh Amendment to the U.S. Constitution, Willis provides no authority for her assertions. *Id.* The Seventh Amendment, however, does not provide authority for this Court to decide cases that do not fall within its jurisdiction.

In sum, the Court dismissed Plaintiff's case for a lack of subject matter jurisdiction and Plaintiff has identified no newly discovered evidence, clear error, or intervening change in law to justify overturning this Court's dismissal of Plaintiff's case. Fed. R. Civ. Proc. 59(e). Accordingly, the Court DENIES Willis' motion to alter or amend judgment under Fed. R. Civ. Proc. 59(e).

**IT IS SO ORDERED.**

Dated: January 31, 2017

_____
BETH LABSON FREEMAN
United States District Judge